UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| R. PREACHER, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:10-CV-305 PS |
| SUPERINTENDENT, | ) ) ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Before me is R. Preacher's Petition for Writ of Habeas Corpus. [DE 1.] Preacher is currently an inmate at the Westville Correctional Facility. He was found guilty of possessing an electronic device in case number ISP10-03-0506 during a rehearing on May 19, 2010. As a result, he was sanctioned with lost privileges, segregation, and the loss of earned credit time. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is obligated to review the petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." *Id.* This rule provides the Court with a gatekeeping responsibility to sift through habeas petitions and dismiss those petitions which obviously lack merit. This is one of those cases.

Initially it must be noted that habeas corpus relief is only available to "contest the fact or duration of custody." *Moran v. Sondalle*, 218 F.3d 647, 650-651 (7th Cir. 2000). Other restrictions, which do not lengthen the duration of confinement, are not actionable in a habeas corpus proceeding. *Id.* at 651. Additionally, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Preacher presents three grounds for challenging his disciplinary proceeding. First he argues that, in violation of prison rules, he was placed in disciplinary segregation prior to his hearing. Though that move may have violated prison policy, a convicted prisoner is not entitled to due process before he is relocated. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Furthermore, because pre-hearing segregation did not extend the duration of his confinement, this is not a basis for habeas corpus relief.

Second, Preacher argues that, in violation of prison policy, he was not screened within seven days of the alleged infraction. Again, though prison policy may require screening within seven days, the Constitution, laws, and treaties of the United States do not. Therefore this is not a basis for habeas corpus relief either.

Finally, Preacher argues that he was discriminated against because other inmates with more severe charges were not placed in pre-hearing segregation and because other inmates who were not screened within seven days had their charges dismissed. Preacher does not identify any specific motivation for the alleged bias against him, but "[a]djudicators are entitled to a presumption of honesty and integrity and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citations omitted). "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Therefore, these alleged acts of discrimination are not an independent basis for habeas corpus relief. Because Preacher has not otherwise identified any due process violations in relation to his prison disciplinary hearing, this petition presents no basis for habeas corpus relief.

Because it plainly appears from the petition and its attachments that Preacher is not entitled to the habeas corpus relief he seeks, this petition [DE 1] is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4. Preacher's Motion for Entry of Default [DE 5] is **DENIED** as moot.

**SO ORDERED**.

ENTERED: November 18, 2010

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT